FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

2015 JUN 29 P 4: 18

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

GRAY WATSON
29 Tarbell Avenue
Lexington, MA 02421,

        Plaintiff,

v.

JOHN DOE and
256.COM, an Internet domain name,

        Defendants.

Civil Action No. _1: 15 CV 831_
_AJT/MSN_

## VERIFIED COMPLAINT

Plaintiff Gray Watson, by counsel, alleges as follows for his Complaint against Defendants:

## NATURE OF THE SUIT

1.      This is an action for violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

2.      Gray Watson ("Mr. Watson") seeks injunctive and other equitable relief as a result of the actions of a person of unknown identity who gained unauthorized access to Mr. Watson's domain name management account on a protected computer, transferred control of the Defendant domain name from Mr. Watson's account, and thereby disabled Mr. Watson's control of the domain name causing irreparably injury to Mr. Watson.

## PARTIES

3.      Mr. Watson is an individual resident of the state of Massachusetts with an address of 29 Tarbell Avenue, Lexington, MA 02421.  Until on or about December 16, 2014, Mr.

Watson was the registrant of the Defendant 256.com domain name. Mr. Watson was, and is, the rightful owner of the Defendant 256.com.

4.     Defendant 256.com is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is now improperly registered in the name of "zhuying, zhu ying, furongqufurongdajie, Changshashi, Hunan, 223311." A copy of the current domain name registration record for 256.com is attached as Exhibit A.

5.     Defendant John Doe is a person of unknown identity located in China that gained unauthorized access to Mr. Watson's domain name management account and, without consent or authority, transferred control of Defendant 256.com away from Mr. Watson.

6.     Upon information and belief, based upon research and due diligence, the name presently listed as the registrant of Defendant 256.com is a fictitious name and alias for John Doe.

7.     Upon information and belief, based upon research and due diligence, the address presently listed in the domain name registration records for Defendant 256.com is fictitious and does not identify an actual address within China.

## JURISDICTION, VENUE AND JOINDER

8.     This action arises out of John Doe's violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

9.     This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

10.     Upon information and belief, the name identified as the current registrant of the Defendant domain name 256.com is fictitious and the address identified in the domain name

registration is fictitious.

11.     Mr. Watson through due diligence was not able to find a specifically identifiable person who would have been a defendant in this action, which provides the Court with *in rem* jurisdiction over the Defendant domain name 256.com pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I). Mr. Watson is providing notice, concurrently with the filing of this complaint, to the Defendants of his intent to proceed *in rem* against the Defendant domain name pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I)(aa).

12.     The Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(3) and (4), states that the *in rem* action, jurisdiction, and remedies created by the statute are "in addition to any other civil action or remedy otherwise applicable" and "in addition to any other jurisdiction that otherwise exists, whether in rem or in personam."

13.     Mr. Watson's claim for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, is based on John Doe's unauthorized access to and alteration of computer records maintained on protected computers within the district.

14.     John Doe directed the acts complained of herein toward the district and utilized instrumentalities in the district in that John Doe gained unauthorized access to Mr. Watson's domain name management account and associated computer records and thereafter, without authorization, caused the domain name registration records maintained in the district by VeriSign, Inc. to be altered so as to transfer control of Defendant 256.com away from Mr. Watson.

15.     Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) and 28 U.S.C. § 1391(b)(2) in that Defendant 256.com is property situated in this district, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in

this district, and pursuant to 28 U.S.C. § 1391(b)(3) because John Doe is subject to this Court's personal jurisdiction.

16.    Joinder of Defendant John Doe and Defendant 256.com is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions and the same questions of law are common to all of the Defendants.

## MR. WATSON'S RIGHTS

17.    Mr. Watson is software engineer who is an expert on high-performance computer systems, and who has held computer engineering, architecture, and management positions with a wide range of highly regarding technology companies, and is currently working for an education non-profit in Boston, Massachusetts.

18.    Mr. Watson registered the Defendant 256.com domain name in 1997 and, until December 16, 2014, Mr. Watson was the named registrant of the 256.com domain name.

19.    For over 17 years, Mr. Watson used the 256.com domain name to provide information, commentary, free software code, his resume and CV history, and other public and private information.

20.    256.com has been Mr. Watson's "digital home" on the Internet and his professional and personal contacts have used the domain name to contact and communicate with him.

21.    A copy of an archived domain name registration record showing Mr. Watson as the registrant of 256.com is attached as Exhibit B.

22.    Mr. Watson used the 256.com domain name as more than an Internet address. Mr. Watson used and promoted the domain name in a manner that made such a visual impression that viewers would view 256.com as a symbol of origin, and consumers came to identify

256.com as a source indicator.

23.     Mr. Watson used the 256.com domain name in U.S. commerce in association with the provision of services to Internet consumers and Mr. Watson is entitled to common law trademark protection in the 256.com domain name.

24.     John Doe's unauthorized transfer and subsequent misuse of the 256.com domain name further demonstrates that the 256.com mark is entitled to trademark protection.

## UNLAWFUL TRANSFER AND REGISTRATION OF THE DOMAIN NAME

25.     Computer hacking and theft of intellectual property by persons based in China has become such a significant problem for American businesses that the director of the FBI stated in an October 5, 2014 interview with CBS that "Chinese hackers target[] the intellectual property of U.S. companies on a daily basis, costing the U.S. economy billions of dollars each year."

26.     The United States government and federal law enforcement agencies regularly provide warnings of such attacks to American businesses.  For example, the FBI recently issued a "flash" alert to a wide range of U.S. businesses warning of the actions of "a group of Chinese Government affiliated cyber actors who routinely steal high-value information from U.S. commercial and government networks through cyber espionage."

27.     The Associated Press reported that a 2013 survey by the National Small Business association found that 44% of small businesses had been the subject of computer hacking.

28.     Mr. Watson's claims in the present case involve one of the most recent iterations of such computer hacking actions—colloquially referred to as "domain name theft."  The Huffington Post recently reported that the FBI received 26 separate reports of domain name theft over the last year even though the majority of such thefts go unreported.

29.     Mr. Watson maintains a domain name management account with the domain

name registrar eNom, Inc.

30. Mr. Watson's domain name management account with eNom, Inc. is maintained on a protected computer and access to the account should be restricted to only those persons that possess Mr. Watson's user name and password.

31. On December 16, 2014 at 09:38 EST, Mr. Watson received an email notification that someone had gained unauthorized access to his domain name management account and altered the domain name registration records for the 256.com domain name so as to transfer the domain name to another account with eNom, Inc.

32. Mr. Watson immediately contacted eNom, Inc. technical support to notify them that the access to his account was not authorized, the changes to the 256.com domain name registration were not authorized, and the transfer of the domain name was not authorized. Mr. Watson asked eNom, Inc. technical support to lock to domain to halt the transfer of the 256.com domain name until the matter could be further investigated.

33. At 10:38 EST, Mr. Watson noticed that the registration records for 256.com had changed indicating that the domain name had been transferred from eNom, Inc. to a domain name registrar based in China—eName Technology Co., Ltd—and to an account with this registrar owned by John Doe.

34. When the domain name was transferred by John Doe without authorization, the domain name registrant information was changed and the technical settings for the domain names were changed thereby disabling Mr. Watson's ability to use and control the domain name and associated website.

35. Upon learning of the unauthorized transfer of the domain name, Mr. Watson went to great lengths to provide eNom, Inc. with documentation and information evidencing Mr.

Watson's rightful ownership of the domain name.

36.     Based on Mr. Watson's rightful ownership of the domain names, eNom, Inc. attempted to retrieve the domain name, but has advised Mr. Watson that the Chinese domain name registrar has refused to return the domain name.

37.     The registration and use of the 256.com domain name by John Doe is without authorization from Mr. Watson.

38.     The Defendant 256.com domain name does not reflect the trademark or intellectual property rights of John Doe.

39.     The Defendant 256.com domain name does not reflect the legal name of the current registrant of the domain name.

40.     The current registrant of the Defendant domain name has not engaged in bona fide noncommercial or fair use of Mr. Watson's 256.com trademark in a website accessible under the domain name.

41.     John Doe provided material and misleading false contact information in the domain name registration when changing the registrant for the Defendant 256.com domain name from Mr. Watson to the current registrant.

42.     John Doe transferred the Defendant 256.com domain name without authorization from Mr. Watson and thereby acquired a domain name which John Doe knew was identical to, and reflective of, Mr. Watson's trademark.

## FIRST CLAIM FOR RELIEF

### Violation of the Federal Anticybersquatting Consumer Protection Act

43.     Mr. Watson repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

44.     Mr. Watson's 256.com trademark is distinctive and was distinctive prior to the time that John Doe transferred the Defendant 256.com domain name away from Mr. Watson without authorization and thereby registered the Defendant domain name.

45.     The aforesaid acts by John Doe constitute registration, trafficking, or use of a domain name that is identical to Mr. Watson's 256.com trademark, with bad faith intent to profit therefrom.

46.     Mr. Watson, despite his due diligence, has been unable to find a specifically identifiable person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(2)(A)(i)(I).

47.     The aforesaid acts by John Doe constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

48.     The aforesaid acts have caused, and are causing, great and irreparable harm to Mr. Watson and the public.  Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.  Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Mr. Watson is entitled to an order transferring the Defendant 256.com domain name registration to Mr. Watson.

## SECOND CLAIM FOR RELIEF

### Violation of the Computer Fraud & Abuse Act

49.     Mr. Watson repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

50.     John Doe (a) knowingly and intentionally accessed Mr. Watson's domain name management account on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication (18 U.S.C. § 1030(a)(2)(C)); (b) knowingly and with an intent to defraud

accessed Mr. Watson's domain name management account on a protected computer without authorization and obtained information from the computer, which John Doe used to further a fraud and obtain something of value (18 U.S.C. § 1030(a)(4)); and (c) intentionally accessed Mr. Watson's domain name management account on a protected computer without authorization, and as a result of such conduct caused damage and loss (18 U.S.C. § 1030(a)(5)(C)).

51.     Mr. Watson has suffered damages as a result of the conduct complained of herein and such conduct has caused a loss to Mr. Watson during a one-year period of at least $5,000.

52.     As a direct result of the actions complained of herein, Mr. Watson has suffered and continues to suffer irreparable harm for which Mr. Watson has no adequate remedy at law, and which will continue unless enjoined.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Watson respectfully requests of this Court:

1.     That judgment be entered in favor of Mr. Watson on his claim for violation of the Anticybersquatting Consumer Protection Act and against the res Defendant 256.com.

2.     That judgment be entered in favor of Mr. Watson on his claim for violation of the Computer Fraud and Abuse Act and against Defendant John Doe.

3.     That the Court order the Defendant 256.com domain name be returned to Mr. Watson through VeriSign, Inc.'s transfer of the domain name from the current domain name registrar back to eNom, Inc. and by eNom, Inc.'s change of the registrant back to Mr. Watson.

4.     That the Court order an award of damages, costs and reasonable attorney's fees; and

5.     That the Court order an award to Mr. Watson of such other and further relief as the Court may deem just and proper.

Dated: June 29, 2015          By:     _____
                                      Attison L. Barnes, III (VA Bar No. 30458)
                                      David E. Weslow (*for pro hac admission*)
                                      WILEY REIN LLP
                                      1776 K St. NW
                                      Washington, DC 20006
                                      (202) 719-7000 (phone)
                                      (202) 719-7049 (fax)
                                      abarnes@wileyrein.com
                                      dweslow@wileyrein.com

                                      *Counsel for Plaintiff*
                                      *Gray Watson*

## VERIFICATION

I, Gray Watson, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the

facts contained in the foregoing verified complaint are true and correct.

_____
Gray Watson

_____
Date