IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| GRAY WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:15-cv-831-AJT-MSN |
| | ) | |
| JOHN DOE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Gray Watson's Motion for Default Judgment (Dkt. No. 15), pursuant to which Plaintiff seeks an order transferring to Plaintiff control of the domain name 256.com. Having reviewed the record, including Plaintiff's Complaint (Dkt. No. 1) and Memorandum in Support of Default Judgment (Dkt. No. 16), the undersigned makes the following findings and recommends entering default judgment in Plaintiff's favor.

## I.    Background

Plaintiff is a "software engineer who is an expert on high-performance computer systems." Compl. ¶ 17. Since registering the 256.com domain name in 1997, Plaintiff has "used the 256.com domain name to provide information, commentary, free software code, his resume and CV history, and other public and private information," as well as "services to Internet consumers." *Id.* ¶¶ 18-19, 23. Throughout that time, the website associated with the 256.com domain name served as a means of professional and personal communication for Plaintiff. *Id.* ¶ 20. As a result, Plaintiff avers that "consumers came to identify 256.com as a source indicator" associated with Plaintiff. *Id.* ¶ 22.

On December 16, 2014, Plaintiff received an "email notification that someone had gained unauthorized access to his domain name management account and altered the domain name registration records for the 256.com domain name." *Id*. ¶ 31. This unknown individual appears to reside in China, although Plaintiff doubts the veracity of the information provided to the domain name registry in connection with re-registering the 256.com domain name. *See id*. ¶¶ 4-7. As a result of the foregoing, Plaintiff has been unable to use or control the domain name and its associated website. *Id*. ¶ 34.

On June 29, 2015, Plaintiff filed suit under the Anti-cybersquatting Consumer Protection Act ("ACPA") in an effort to regain control of the 256.com domain name. Seeking to proceed *in rem* against the domain name pursuant to the ACPA, Plaintiff obtained an order from the Court (Dkt. No. 9) granting leave to serve process via email, physical mail, and publication. Plaintiff certified his compliance with that order on September 14, 2015. *See* Notice (Dkt. No. 10). When Plaintiff received no response, the clerk entered default as to the John Doe defendant and the 256.com domain name. *See* Clerk's Entry of Default (Dkt. No. 14). Plaintiff filed the instant Motion on November 19, 2015. No defendant appeared at the December 11, 2015 hearing held on Plaintiff's Motion, and the undersigned took the matter under advisement.

## II.     Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a) because it involves a federal question arising under the ACPA, 15 U.S.C. § 1125(d). This Court has *in rem* jurisdiction over the 256.com domain name pursuant to 15 U.S.C. § 1125(d)(2)(A), because Plaintiff alleges violations of his common law trademark rights, *see* Compl. ¶ 24, Plaintiff has been unable through due diligence to ascertain the

identity of the current registrant of the domain name, and the domain name's registry—Verisign—is located in this District. Venue is proper under 15 U.S.C. § 1125(d)(2)(C) due to Verisign's presence in this District.

### III.    Service of Process

A plaintiff bringing an *in rem* action under the ACPA may serve process by 1) sending notice of the lawsuit to the listed email and physical addresses of the domain name registrant, and 2) publishing notice of the action as directed by the court. 15 U.S.C. § 1125(d)(2)(A)(ii). Plaintiff obtained leave from the Court to proceed in this manner, *see* Order (Dkt. No. 9), and has certified that he complied with these procedural requirements. *See* Notice (Dkt. No. 10). Plaintiff has thus adequately served process pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii).

### IV.    Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Traffic Names, Ltd. v. Zhenghui Yiming*, No. 14-cv-1607, 2015 WL 2238052, at *4 (E.D. Va. May 12, 2015). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Here, as no defendant has answered or otherwise timely responded, the well-pled allegations of fact in the Complaint are deemed admitted.

## V.        Discussion and Findings

A plaintiff bringing an *in rem* action under the ACPA against a domain name must demonstrate that the domain name in question infringes the plaintiff's trademark. *See* 15 U.S.C.A. § 1125(d)(1)(A); *see also id*. § 1125(d)(2)(A)(i). This requirement can be satisfied by infringement of a plaintiff's common law right in an unregistered trademark. *See id*. § 1125(d)(2)(A)(i); *see also Traffic Names, Ltd.*, 2015 WL 2238052, at *4.

Plaintiff sufficiently alleges that he possesses common law trademark rights in the 256.com domain name. Plaintiff alleges that since 1997 he has "used the 256.com domain name in U.S. commerce" by "provid[ing] information" and "services to Internet consumers" through a website associated with the domain name. Compl. ¶¶ 18-19, 23. As a result, Plaintiff alleges that "consumers came to identify 256.com as a source indicator" associated with Plaintiff. *Id*. ¶ 22. For purposes of the present motion, "Plaintiff's registration of the . . . [256.com domain name] and use of [it] in business since that registration establishes his common law rights in the mark[ ]." *Traffic Names, Ltd.*, 2015 WL 2238052, at *4.

Having established that Plaintiff possesses trademark rights that bring this case within the ACPA's ambit, the next question "is whether [the domain name's current registrant] . . . registered, trafficked in, or used a domain name . . . that is identical or confusingly similar to" Plaintiff's trademark.[1] *Virtual Works, Inc. v. Volkswagen of Am., Inc.*, 238 F.3d 264, 270 (4th Cir. 2001); 15 U.S.C.A. § 1125(d)(1)(A)(ii). There can be little doubt that this test is met here. The 256.com domain name in not merely similar to Plaintiff's common law trademark, but is

---

[1] Because "a showing of bad faith is not required in an *in rem* trademark infringement action under the ACPA," *Globalsantafe Corp. v. Globalsantafe.Com*, 250 F. Supp. 2d 610, 616 (E.D. Va. 2003), the undersigned does not address that issue. Nonetheless, the circumstances of this case, in which an unknown individual hacked into Plaintiff's eNom account and misappropriated a domain name to which he or she has no legal right, would dictate a finding of bad faith as a matter of common sense.

Plaintiff's own domain name re-registered under an assumed name. *See* Compl. ¶¶ 31-36; *see also Traffic Names, Ltd.*, 2015 WL 2238052, at *5.

In light of the above, Plaintiff has established that he is entitled to relief under the ACPA. Remedies in an *in rem* action under the ACPA are limited to "forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(2)(D)(i). Plaintiff requests the latter, seeking an order directing Verisign and eNom to transfer the 256.com domain name back to Plaintiff's control. *See* Mem. in Supp. of Default J. at 14-15. In light of the foregoing, Plaintiff is entitled to the requested order.[2]

## VI.    Plaintiff's Claim under the Computer Fraud and Abuse Act

In addition to the ACPA claim discussed above, Plaintiff brought a claim under the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030(a), against the John Doe defendant. It does not appear, however, that Plaintiff has pled sufficient facts to establish the Court's personal jurisdiction over the John Doe.

While Plaintiff alleges that the Court may exercise personal jurisdiction over the John Doe defendant by virtue of "John Doe's unauthorized access to and alteration of computer records maintained on protected computers within the district," Compl. ¶ 13, Plaintiff's Complaint includes no factual allegations to support this claim, and several that tend to contradict it. *See, e.g., id.* ¶¶ 30-35 (John Doe allegedly accessed Plaintiff's account with registrar eNom rather than any computer associated with Verisign residing in this district). Even accepted as true, the factual allegations of Plaintiff's Complaint fail to establish this Court's personal jurisdiction over the John Doe Defendant. *See Globalsantafe Corp.*, 250 F.

---

[2] Although it does not appear to the Court that eNom—the registrar of the 256.com domain name—is situated in this District, this Court has the authority to order eNom to transfer the domain name to Plaintiff pursuant to its *in rem* jurisdiction over the 256.com domain name. *See Globalsantafe Corp.*, 250 F. Supp. 2d at 616-17, 17 n.16.

Supp. 2d at 615. Accordingly, Plaintiff's Motion should be denied to the extent that it seeks relief under the CFAA, and the portions of Plaintiff's Complaint pertaining to that claim should be dismissed.

## VII.    Recommendation

The undersigned recommends 1) entering default judgment in Plaintiff's favor as to Plaintiff's claim under the ACPA; 2) denying Plaintiff's Motion as to Plaintiff's CFAA claim and dismissing Plaintiff's claim for relief under the CFAA; and 3) issuing an order directing Verisign to change the registrar of record for the 256.com domain name to Plaintiff's registrar of choice, eNom, Inc., and directing eNom, Inc. to take the necessary steps to restore Plaintiff as the listed registrant of the 256.com domain name.

## VIII.   Notice

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendation to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

December 21, 2015
Alexandria, Virginia

6